Chief Justice RoUertosN
delivered the opinion of (he Court.
The chancellor cannot set-off onejudgment against another, unless, there he a connexion between the transactions on which the judgments were rendered; or, unless by non-residence or insolvency, the judgment prayed to be set-off, cannot be enforced by legal means.
The court, therefore, erred in decreeing the set-off in this case.
to dismiss the bill, as to Wherefore, the decree is reversed, and the cause remanded, with instructions the plaintiff, -Allnut.
Marshall, for plaintiff; Monroe, for defendant.
The counsel for the defendant in error, presented the following petition for re-hearing, with a view to obtain a modification of the opinion.
If the only ground for relief, stated in the bill had been the set-off against Allnut, the decision would have been acquiesced in. But it is supposed there is a sufficient ground alleged in relation to the consideration of the note recovered on, to entitle the complainant to relief, without any regard to the set-off;' and to entitle him to relief, on this ground, Brown, Fryer, Hove and King, were necessary parties, none •of whom were before the court. Therefore, it was supposed, that if the decree should be reversed, there would be liberty given to bring those persons into court, and that we would then have a hearing .against all the parties, and if wc succeeded in establishing the fraud and faifure-of the consideration, we *305 toould be entitled to a perpetual injunction hgainst \he judgment at law, recovered by Allnut.
•Petition for a re-heas-ing,
Reápoñíe 'to the petition.
But the court has directed the bill to be dismissed against Allnat. This would deprive us of the only relief, which we suppose would be. availing. If we are compelled to pay the money, we apprehend we will be without remedy. A decree against these, from non-residence, we would not expect to avail us. The court seem to recognise our right. to relief against these persons, at least, on the face of our bill. Now, if we have ground of complaint against them, it necessarily follows, we are entitled to our remedy, by injunction, against the assignee, Allnut, Sec IV. Monroe, 79-80.
This rule is too well settled in the practice 'of this count, by both the ancient and modern decisions, to require citations. When a complainant prevails below, without having the necessary parties before the court, and his decree is Reversed here if he has equity on the face of his bill, he will be allowed to make new parties, not before named as such in his bill.
A modification of the decree is moved.
’íhe Chief Justice delivered the response of thé court to the petition-.
The parties could not be reinstated, by a recision. The contract was made in 1813. The fraud, if it existed, was discovered very soón.
Winn virtually ratified the contract in 1817, by paying a part, and. executing his note for the balance, and in 1818, by making another payment,
He never offered to rescind the contract, nor does he allege, that the right which he purchased, was of no value, nor that his vendors are. not solvent.
This bill, therefore, contains no eqhity, which should injoin the judgments; his remedy is legal foi ■damages.
Wherefore, the petition is overruled.